# Staunton

E. R. Chick and W. S. Calhoun v. George MacBain, Jr.

September 17, 1931.

Present, Prentis, C. J., and Campbell, Holt, Hudgins and Gregory, JJ.

The opinion states the case.

*Hart & Hart*, for the appellants.

*Horace M. Fox*, for the appellee.

CAMPBELL, J., delivered the opinion of the court.

On the 18th day of April, 1930, George MacBain, Jr., filed his bill of complaint against E. R. Chick and W. S. Calhoun, partners, trading as Chick and Calhoun, alleging that on the 8th day of October, 1924, by virtue of a written contract, R. H. Angell leased to the defendants, for a period of five years, a certain storehouse in the city of Roanoke,

upon the following terms and conditions: Two hundred and thirty-five dollars ($235.00) per month for the first thirty months and two hundred and seventy-five dollars ($275.00) per month for the remaining thirty months; that, among others, said lease contains this provision:

"Either party hereto may terminate this lease at the end of the said term by giving one to the other written notice at least six months prior thereto, but in default of such notice, this lease shall continue upon the same terms and conditions as herein contained for another period of five years and so on until terminated by either party giving to the other at least six months notice for removal prior to the expiration of the current term."

The bill further alleges that complainant, by purchase, acquired title to the premises from Angell; that the defendants have had knowledge of complainant's ownership of the premises since his acquisition thereof; that neither Angell, complainant nor defendants gave written notice of the intention to terminate the lease at the expiration of the five year period; that defendants have remitted to complainant the rentals provided for up to and including December 1, 1929, and since then have tendered to complainant the sum of two hundred and thirty-five dollars ($235.00) per month, which sum was accepted conditionally and credited on account; that an actual controversy has arisen between the complainant and defendants with respect to the true meaning and construction which should be placed upon that part of the lease in question concerning the amount of the monthly rental for the first thirty months (or two and one-half years) beginning December 1, 1929, the complainant on the one hand claiming that defendants, under the terms of said lease, should pay the sum of two hundred and seventy-five dollars ($275.00) per month for the entire term of the second period of five years, and the defendants on the other hand claiming that under the terms and condi-

tions of said lease that they should only pay the sum of two hundred and thirty-five dollars ($235.00) per month for the first thirty months (or two and one-half years), of the second term of five years, and two hundred and seventy-five dollars ($275.00) per month for the last thirty months (or two and one-half years) of said second term; that the defendants have refused to pay complainant the sum of two hundred and seventy-five dollars, the rental claimed by him under the "continuation" of contract.

The prayer of the bill is that the court construe the lease and enter a declaratory decree defining the respective rights of parties.

Defendants demurred to the bill on the jurisdictional ground that the complainant was seeking relief in a court of equity in a case where there is a complete remedy at law. The court overruled the demurrer and this action is assigned as error.

The legal effect of the demurrer was to admit the facts but not the conclusions of law stated in the bill. The bill alleges as a fact that an actual controversy has arisen between the litigants with respect to the proper construction of the lease, and sets forth in terms the point in controversy, and prays "that the court construe said lease, and declare what the respective rights of complainant and defendants are thereunder."

The bill was filed pursuant to the provisions of section 6140a of the Code. That section provides:

"In cases of actual controversy, courts of record within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be claimed, and no action or proceeding shall be open to objection on the ground that a judgment or order merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills or other instruments of writing, statutes, munic-

ipal ordinances, and other governmental regulations may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right."

In *Patterson's Ex'rs* v. *Patterson*, 144 Va. 113, 131 S. E. 217, 219, West, J., holds the declaratory judgment statute constitutional, and after quoting from numerous decisions, says:

"The act contemplates that the parties to the proceeding shall be adversely interested in the matter as to which the declaratory judgment is sought and their relation thereto such that a judgment or decree will operate as *res adjudicata* as to them. It authorizes the entry of such judgment before the right is violated, and even though no consequential relief is or could be asked for or granted. It does not, however, confer upon the courts the power to render judicial decisions which are advisory only."

The holding in that case has been followed in *Moore* v. *Moore*, 147 Va. 460, 137 S. E. 488, 489, 51 A. L. R. 1517. There, Chief Justice Prentis said: "That statute authorizes binding adjudications of right, and provides that no action or proceeding shall be open to objection on the ground that a judgment or order merely declaratory of the right is prayed for. It apparently includes all controversies * * *." See also *Beury* v. *Shelton*, 151 Va. 28, 144 S. E. 629.

The test of the applicability of the statute is the determination of the existence of an actual controversy. The manifest intention of the legislature, as expressed in sections 6140a–6140h of the Code, was to provide for a speedy determination of actual controversies between citizens, and to prune, as far as is consonant with right and justice, the dead wood attached to the common law rule of "injury before action" and a multitude of suits to establish a single right.

The fact that a plaintiff or complainant might,

by the institution of an action or suit or series of actions or suits, eventually, through protracted and continuous litigation, have determined the same questions that may be determined once and for all in a declaratory judgment proceeding, has never, so far as we find, been held by the courts to deprive the court of jurisdiction to enter a declaratory judgment wherein the entire rights of the parties can be determined and settled once and for all. Sections 6140a–6140h of the Code above were enacted for that evident purpose, and section 6140h expressly declares that the act is to be liberally interpreted and administered "with a view to making the courts more serviceable to the people."

■ The action of the court in overruling the demurrer is without error.

Following the overruling of the demurrer, defendants filed their answer to the bill, alleging affirmatively:

"That the lease, under which these respondents hold, when properly construed, is clear, in that it specifies that the sum of $235.00 per month is to be paid each month for the first thirty (30) months of the lease as renewed.

"That the complainant acquiesced and waived any other construction than that contended for by these respondents by accepting $235.00 for the months of January and February before protest was made."

Thereupon, the cause was heard upon the bill and answer, and the court by its decree entered the following declaratory judgment:

"And it further appearing from the bill filed in this cause that complainant desires this court to interpret and construe said lease and declare the respective rights of the parties thereunder, and especially with reference to clause 11 therein contained, it is adjudged, ordered and decreed, and this court doth so declare, that the respondents are entitled to occupy said premises under the terms of said lease for a further period of five years, beginning December 1, 1929,

subject to the covenants and conditions contained therein, and that the complainant is entitled to the sum of $275.00 per month, payable at the end of each month for the said period beginning December 1, 1929, and for each succeeding month until the expiration of said five years."

From that decree this appeal was allowed.

The assignment of error that the decree is erroneous is well founded.

In the bill it is conceded that appellee, after expiration of the original term of the lease, received from appellants the sum of $235.00 for the months of December, January and February, respectively, but it is alleged that those sums were received conditionally and credited "on account."

In the answer it is affirmatively charged that the respective payments were not received conditionally but in conformity with the construction placed upon the contract of lease by the parties. The record fails to disclose a replication to the answer. If it can be said that the cause has been heard upon the merits, then under the provisions of section 6332, the failure to file a replication has no bearing on the case.

In our opinion, the answer was a traverse of the charge in the bill. A trial upon the merits could only then be had by the introduction of proof. "The burden was upon the complainant to make good the charge." *Millhiser* v. *McKinley*, 98 Va. 208, 35 S. E. 446. That burden the complainant failed to assume.

The general rule is that when a cause is heard upon the bill and answer, without replication to the answer, and the answer unequivocally denies the allegations of the bill, then the answer must be taken as true.

In Barton's Chancery Practice (2 ed.), page 420, the rule is thus stated: " * * * But it has been frequently held, both in Virginia and elsewhere, that when a cause is brought on, even by consent, to be heard on the bill and

answer, and without any replication, that the answer is to be taken as true in every part of it, including also the facts stated which are not responsive to the bill; but where there is a replication, the rule is that an answer is not evidence for the respondent when it asserts a right affirmatively in opposition to the plaintiff's demand, and that the facts thus stated must be established by independent and satisfactory proof."·

We are further of opinion that the language in clause 11 of the lease, *supra*, is ambiguous and that when the original term provided for by the lease expired and appellants paid the rent pursuant to the provisions of the lease, as construed by them, and without protest appellee accepted the payments for a period of three months, he acquiesced in the construction that appellants were to pay the sum of $235.00 per month for the first thirty months of the second term of five years and $275.00 per month for the last thirty months of the second term. It is a well recognized principle of law that when a written instrument is capable of more than one construction, then the courts will give to it that construction which the parties themselves have placed upon it. This is known as "the doctrine of practical construction."

In *Holland* v. *Vaughan*, 120 Va. 328, 91 S. E. 122, 124, Chief Justice Prentis said: "No rule for the construction of written instruments is better settled than that which attaches great weight to the construction put upon the instrument by the party themselves;  *  *  *  ."

In *Chesapeake & Potomac Tel. Co.* v. *Wythe Mut. Tel. Co.*, 142 Va. 540, 129 S. E. 389, the rule stated in the *Holland Case* was applied. It is true that in the *Chesapeake & Potomac Tel. Co. Case* the period of acquiescence extended over three years. The period of time, however, is not the criterion. The test comes when a party to the contract is

asserting a right under the contract as he conceives it. If the other party to the contract controverts the assertion of the right, he should do so immediately.

Under a proviso in the lease the lessor was given the option of changing the terms of the lease by giving six months notice of such intention. No such notice was given.

In view of the fact that no notice was given that appellee would contend that the future rental would be at the rate of $275.00 per month, and in view of the further fact that appellants relied for a period of three months upon their construction of the contract that the rental should be at the rate of $235.00 per month for the first thirty months, without protest upon the part of the appellee, it is a fair assumption that all parties to the contract placed the same construction upon it.

Our conclusion is that the decree should be reversed and annulled and the cause remanded to the Court of Law and Chancery of the city of Roanoke for such further decree as may be necessary in accordance with the views here expressed.

*Reversed.*