# Richmond

## MAGGIE NELSON NEAL v. STATE-PLANTERS BANK AND TRUST COMPANY, EXECUTOR, ETC.

March 12, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Denny & Valentine,* for the appellant.

*Joseph M. Hurt, Jr.,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

This is a proceeding instituted by Cornelia H. Habliston's executor against Maggie Nelson Neal for a declaratory judgment to construe the following deed:

"THIS DEED, Made this fifteenth day of November, in the year One Thousand Nine Hundred and Seventeen BETWEEN CORNELIA H. HABLISTON, widow of Charles D. Habliston, party of the first part, and MAGGIE NELSON NEAL, all of the City of Richmond, Virginia, party of the second part,

"WITNESSETH: that, in consideration of the sum of ($1,500.00) FIFTEEN HUNDRED Dollars, the said party

of the first part doth grant unto the said party of the second part, with general warranty,

"All that lot of land with the buildings and appurtenances thereto belonging, lying and being in the City of Richmond, Virginia; on the north side of Cary Street, between Ninth and Tenth Streets, * * *." (Description omitted).

"But this conveyance is made subject to an annuity, ground rent, or yearly rent charge of Three Hundred ($300.00) Dollars per annum, which is hereby expressly reserved and charged upon, and to be issued out of the real estate hereinbefore described. The said Maggie Nelson Neal covenants and agrees that she will pay all taxes, dues, assessments, and charges levied and assessed or to be levied or assessed on or against the property above described, that she will pay to the said Cornelia H. Habliston, her personal representatives, distributees or assigns, the said annuity, ground rent or rent charge of $300.00 per annum in equal quarterly installments of $75.00 each, payable on the 15th day of each and every February, May, August, and November, during the term of five years next ensuing, to-wit: until November the 15th, 1922, or as long as this agreement may remain in force, and uncancelled as hereinafter provided for. The first installment to become due on the 15th day of February next ensuing. And the said Maggie Nelson Neal covenants and agrees that at the termination of the five years, to-wit: on November the 15th, 1922, to redeem the above mentioned annuity, ground rent, or rent charge by the payment to the said Cornelia H. Habliston, her personal representatives, distributees, or assigns the sum of $6,000.00, or to renew the same for an additional period of five years on the same terms and conditions, which she shall have the right to do at her election, and should she elect to extend the same for an additional period of five years, at the termination of such additional period, which she shall have the right to do, the said Maggie Nelson Neal covenants to redeem the said annuity, ground rent, or rent charge by the payment to

the said Cornelia Habliston, her personal representatives, distributees, or assigns the sum of $6,000.00 and on the failure of the said Maggie Nelson Neal, her heirs or assigns either to extend the annuity as aforesaid or to pay the sum of $6,000.00 at either period as aforesaid to the said Cornelia H. Habliston, her personal representatives, distributees or assigns the said property herein conveyed, is to revert back to and be vested in and to the said Cornelia H. Habliston, her heirs or assigns, in absolute fee and the said Cornelia H. Habliston, her heirs or assigns, upon failure on the part of the said Maggie Nelson Neal to pay the said sum of $6,000.00, in cash, as aforesaid can re-enter, occupy and hold the said property, as if this deed had not been made. The said Maggie Nelson Neal doth covenant, contract and agree to and with the said Cornelia H. Habliston to pay the said annuity, ground rent or rent charge hereby reserved, as, and when the same shall become due and payable, and that she will at her own expense keep the buildings insured upon the land hereby conveyed, in some good and responsible insurance company during the continuance of this term, for a sum not less than $2,000.00 for the benefit of the said Cornelia H. Habliston.

"The said Maggie Nelson Neal further covenants that the said Cornelia H. Habliston, her personal representatives, distributees or assigns shall have and enjoy the said annuity, ground rent or rent charge free from all incumbrances, and that she, the said party of the second part, will make no conveyance of the said real estate, nor give any lien thereon by deed of trust or otherwise, that does not recite and acknowledge the validity of the said annuity, ground rent or rent charge hereby reserved and charged upon the said real estate as a charge superior to any such conveyance or incumbrance, and that the said lien of the said annuity, ground rent, or rent charge shall run with the land; and it is further covenanted and agreed that if at any time during the continuance of this charge, any part of the rent hereby reserved shall be in arrears

and unpaid for a period of sixty (60) days after the same shall become due and payable then the said Cornelia H. Habliston, her heirs or assigns may re-enter upon the premises hereby conveyed, and hold the same as if this deed had never been made, and upon such entry as aforesaid the said Maggie Nelson Neal shall have no claim or recourse for the $1,500.00 paid by her as above set forth, nor for any repairs or improvements, which have been put upon the said premises by the said Maggie Nelson Neal, and nothing herein contained shall be construed to prevent or impede the said Cornelia H. Habliston in the exercise of her rights of distress in case of failure of the said Maggie Nelson Neal to pay the rent as the same shall become due, and it is further covenanted and agreed by and between the said Cornelia H. Habliston and Maggie Nelson Neal that any time after the date of this deed and before the said Cornelia H. Habliston's re-entry upon the premises as above provided upon the payment by the said Maggie Nelson Neal of the sum of $6,000.00 to the said Cornelia H. Habliston and also arrearages of rent, taxes, assessments or any other money then due by virtue of this deed, the said Cornelia H. Habliston, her personal representatives, distributees, or assigns will at the cost and expense of the said Maggie Nelson Neal relinquish and release the within reserved annuity, ground rent or rent charge, and thereupon the same and all the covenants related thereto shall cease and determine.

"The said Cornelia H. Habliston covenants that she has the right to convey the said land to the party of the second part; that she has done no act to encumber the said land; that the party of the second part shall have quiet possession of said land, free from all encumbrances, and that she, the said Cornelia H. Habliston, party of the first part, will execute such further assurance of the said land as may be requisite.

"WITNESS the following signatures and seals.

"CORNELIA H. HABLISTON  (Seal)<br>
"MAGGIE NELSON NEAL  (Seal)."

By subsequent written instruments the provisions of the deed were extended "upon the same terms and conditions" to November 15, 1933. It was, therefore, conceded by both sides that the case should be considered as though the original deed ran until the latter date.

On November 15, 1933, Mrs. Habliston's executor called upon the grantee, Mrs. Neal, to "redeem the above mentioned annuity, ground rent, or rent charge by the payment" of the sum of $6,000 as provided in the deed. This Mrs. Neal refused to do, claiming that on the expiration date of the agreement she, the grantee, had the option either to take the property by paying the sum of $6,000, or to abandon the property and be relieved of all liability to make such payment, and that she had elected to do the latter.

The trial court held that Mrs. Neal was bound to pay the sum of $6,000 on November 15, 1933, on the demand of the grantor's executor, and entered a decree to that effect.

█ The right to have the matter determined under the Declaratory Judgment Act (Acts of Assembly 1922, ch. 517, p. 902; Code of 1930, sections 6140a to 6140h) and in a court of equity is conceded. Such procedure was upheld in *Chick* v. *MacBain,* 157 Va. 60, 65-67, 160 S. E. 214.

█ As stated in her petition for appeal, "the contention of Mrs. Neal is that the conveyance to her, so far as the $6,000 is concerned, was subject to a collateral limitation, to-wit, that if, at the stated time, she should fail to make payment of the sum of $6,000, then *ipso facto,* in accordance with the terms of the grant and without any affirmative action on the part of Mrs. Habliston, title to the property reverted to Mrs. Habliston, her heir or assigns," leaving Mrs. Neal, the grantee, under no obligation to pay to the estate of Mrs. Habliston, the grantor, the said sum.

Mrs. Habliston's executor, on the other hand, contends that the deed is an absolute conveyance of the fee simple title to the grantee, with an express covenant on the part

of the latter to pay the sum of $6,000 at a fixed time, to-wit, November 15, 1922 (extended to November 15, 1933), subject to the condition subsequent that upon a default in such payment the grantee's estate reverted to the grantor; that since the payment had not been made the grantor's executor had the election either to proceed on the grantee's covenant to pay $6,000, or to re-enter the property and effect a forfeiture of the grantee's estate therein.

We think the contention of the grantor's executor is sound. While the deed is unusual in form yet when read as a whole its purpose and object clearly appear. It is a conveyance of a fee simple title with general warranty and the usual covenants of title. The agreed consideration is $7,500 of which $1,500 was paid in cash and $6,000 secured to be paid in the instrument. The grantee "covenants and agrees" to pay said sum of $6,000 on November 15, 1922 (subsequently extended to November 15, 1933). Pending the maturity of the principal, the grantee agrees to pay the sum of $300 per year, denominated in the deed as "ground rent or yearly rent charge," but amounting to interest at the rate of five per cent per annum on the deferred portion of the purchase price. As further evidence of the grantee's personal liability to pay both the "ground rent," or interest, of $300 per year, and the principal sum of $6,000, she signs the deed. Instead of reserving a vendor's lien on the property in the usual terms, the instrument secures the performance of the grantee's obligations by providing that on default in the payment of either the interest (termed "ground rent") or the principal, the grantor may re-enter and take possession of the property.

The case is, therefore, one in which the grantee obligates herself to pay certain sums of money at definite times and secures her obligation to do so by agreeing that her title to the property will revert upon her default.

Speaking technically, this is a covenant coupled with a condition subsequent (Minor on Real Property (2d Ed.), sec. 529; Thompson on Real Property, vol. 3, sec. 1977,

p. 66; 8 R. C. L., p. 1105), and not a collateral limitation as defined in *Millan* v. *Kephart,* 18 Gratt. (59 Va.) 1, 8.

In cases of condition subsequent the breach does not *ipso facto* operate to revest the grantor with title. As Judge Kelly said in dealing with the subject in *Pence* v. *Tidewater Townsite Corporation,* 127 Va. 447, 455, 103 S. E. 694, 696: "The forfeiture, as we have seen, is not self-executing, and the title remains in the grantee until the grantor takes appropriate action to have himself reinvested with it; * * *." See also, Minor on Real Property (2d Ed.), sec. 518; 18 C. J., p. 381, sec. 442; 93 Am. St. Rep. 572, and note.

The authorities agree that where, as here, a covenant is coupled with a condition subsequent, the grantor has the election whether he will proceed on the one or the other. In Thompson on Real Property, vol. 3, sec. 1977, p. 66, it is said: "A condition can not be enforced as an agreement where the language used imports a condition only, and there are no words importing an agreement, but the only remedy is through a forfeiture. If there are no promissory words, or words which can be construed as such, the condition does not create a personal liability. But the deed may contain a condition upon breach of which the grantor might enforce a forfeiture, and also a covenant on the part of the grantee upon a breach of which the grantor may in equity compel a specific performance or maintain an action for damages, and in such case the grantor has his election of remedies." See also, *Stuyvesant* v. *New York,* 11 Paige (N. Y.) 414, 427; 18 C. J. p. 381, sec. 441; 21 C. J. p. 930, sec. 39.

Here the grantor's executor has elected to demand payment of the sum which the grantee covenanted to pay. In upholding this right the trial court was correct, and the judgment is affirmed.

*Affirmed.*