# CIRCUIT COURT OF THE CITY OF NORFOLK

Larry Gene Hatfield

v.

Tomcat, Inc.,
t/a Nutty Buddy's

October 28, 1998

Case No. (Law) L96-2752

By Judge Marc Jacobson

In the instant action, Larry Gene Hatfield, Plaintiff, alleges that on or about November 7, 1994, Plaintiff was a business invitee of Tomcat, Inc., t/a Nutty Buddy's, Defendant. While sitting in his automobile in the rear parking lot area of Defendant's night club he was shot by a person or persons unknown to him and for reasons unknown to him. The shooting resulted in severe injuries to the Plaintiff.

The Defendant has demurred to the Plaintiff's Motion for Judgment "to the extent it alleges a cause of action based on a failure to provide a safe environment for its homosexual customers on grounds that Virginia law recognizes no duty on the part of business owners to protect gay business invitees in any way different from other business invitees." Defendant alleges other grounds for its Demurrer and also seeks Summary Judgment as to all counts of the Motion for Judgment filed by the Plaintiff.

The Plaintiff in Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment as well as in the Plaintiff's counsel's oral argument at the hearing relative to Defendant's Demurrer and Motion for Summary Judgment in effect conceded that the Demurrer and/or Motion for Summary Judgment as to Counts II and III sought by Defendant should be sustained, thus leaving Count I of the Motion for Judgment to be considered by the Court.

It is well-established that a demurrer admits the truth of all properly pleaded material facts. Properly pleaded material facts, which are admitted, include facts expressly alleged, impliedly alleged, and fairly and justly inferred. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (quoting *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988)). A demurrer challenges the legal sufficiency of a pleading and tests whether, based on facts alleged and any reasonable inferences therefrom, the plaintiff has stated a cause of action upon which the Court may grant relief. *See* Va. Code Ann. § 8.01-273; *Burns v. Board of Supervisors*, 218 Va. 625, 627, 238 S.E.2d 823, 825 (1977). The Court may only consider those grounds stated specifically in the demurrer. *See* Va. Code Ann. § 8.01-273. A demurrer does not, however, admit the legal conclusions as stated in the motion for judgment. *See Chick v. MacBain*, 157 Va. 60, 65, 160 S.E. 214, 216 (1931). If a motion for judgment contains sufficient allegations of material facts to inform a defendant of the claim asserted, the Court must overrule the demurrer. *See CaterCorp*, 246 Va. at 24 (citing *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E. 360, 365 (1918)) . A demurrer, unlike a motion for summary judgment, does not allow the Court to evaluate the merits of a claim; it only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *See Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1992).

In essence, Count I of the Motion for Judgment alleges that Defendant "breached its duty to exercise reasonable care to protect the Plaintiff against criminal assault where Defendant's method of business attracted and provided a climate for assaultive crimes." (Mot. J. ¶ 12.) Specifically, Plaintiff alleges:

> that Defendant sells alcohol to its customer[s]; that the Defendant permitted non-customers to congregate and loiter outside the night club's entrance and in the night club's parking lot during business hours; that the only parking lot for customers is located in the rear of the Defendant's night club in a dimly lit area; that other assaultive crimes, violent behavior and conduct, drug dealing, fighting, shootings and other conduct associated with assaultive crimes, have occurred on or adjacent to Defendant's place of business about all of which Nutty Buddy's, its agents and employees had actual and/or constructive knowledge; that members of the "gay community" have experienced assaults, robberies, and other hate crimes due to prejudices of society; that in spite of such crimes being committed on the "gay community," Nutty Buddy's has failed to take active measures to provide a safer environment by hiring armed security

guards to patrol outside the "night club" unlike similar "gay night clubs" in the city ... .

(Mot. J. ¶ 4.) In response to this high rate of criminal activity, Defendant allegedly installed a closed circuit television to observe and protect Defendant's employees vehicles. (Mot. J. ¶ 18.) Plaintiff further alleges that on the night he was injured, Defendant knew non-customers were congregating outside the club, begging for money (which Plaintiff apparently deems to be assaultive conduct). (Mot. J. ¶ 9.)

Plaintiff alleges that Defendant owed a duty of care to him because Defendant "knew or should have known that criminal assaults against a business invitee were occurring, or were about to occur, on the premises which indicated an imminent probability of harm to an invitee, such as the Plaintiff." (Mot. J. ¶ 8.) Plaintiff seeks recompense on the basis that the Defendant's method of business attracted and provided a climate for assaultive crimes (Mot. J. ¶ 12) and that Defendant breached its duty of care by not utilizing the closed circuit television and security measures for the protection of the customers. (*Id.* ¶ 20.)

"Negligence is not actionable unless there is a legal duty, a violation of the duty, and consequent damage." *Marshall v. Winston*, 239 Va. 315, 318 (1990) (citing *Fox v. Custis*, 236 Va. 69, 73-74, 372 S.E.2d 373, 375 (1988)). Thus, the threshold question in this case is does Defendant owe a duty to Plaintiff. The issue of whether a duty arises is a question of law. *Fox* at 74. "Generally, a person owes no duty to control the conduct of third persons in order to prevent harm to another. This is especially the case when the third person commits acts of assaultive criminal behavior because such conduct cannot reasonably be foreseen." *Marshall* at 318 (citations omitted).

In determining the special cases where premises liability does in fact exist, "the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant must be taken into account." *Wright v. Webb*, 234 Va. 527, 531, 362 S.E.2d 919, 921 (1987) (citations omitted). In most instances, it is difficult to anticipate where, when, and how a business invitee might be attacked. Similarly, in most cases, imposing the responsibility of providing security on the business may be cost prohibitive. Finally, as to the allocation of liability between invitor and invitee, the Virginia Supreme Court has found it unfair to place the burden on the invitor where both parties are "innocent victims of assaultive criminals." *Wright* at 531. Thus:

> a business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measure to protect an invitee against criminal assault *unless he knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee.*

*Id.* at 533 (emphasis added).

In order to plead an action under the knowledge of imminent probability of harm prong of the *Wright* test, the Plaintiff must allege notice of a specific danger just prior to the assault. *Burns v. Johnson*, 250 Va. 41, 44, 458 S.E.2d 448, 450, 825 (1995). In *Burns*, the Court reversed the trial court's finding that an invitor knew of imminent harm to the invitee. The invitor's employee in that case actually knew of the presence and inebriated condition of the invitee's attacker. Despite this knowledge, the *Burns* Court held that the invitor in that case owed no duty to the invitee who was abducted and raped. *Id.* at 45. Plaintiff has not alleged nor demonstrated by Plaintiff's pleadings that Defendant had knowledge of imminent danger to the Plaintiff nor that Defendant had notice of the danger that Plaintiff was going to be shot just prior to his actual shooting.

Plaintiff has alleged a duty on the part of the Defendant towards the Plaintiff and the breach of that duty based on the failure of the Defendant to stop or prevent the shooting of the Plaintiff by a person or persons unknown. Even assuming, *arguendo*, that a duty to the Plaintiff existed by the Defendant, it is questionable if the "duty" owed by Defendant under the climate prong of the *Wright* case is sufficient to indicate a nexus between the failure of Defendant to comply with the alleged "duty" and the injuries sustained by the Plaintiff. In effect, even assuming, *arguendo*, a "duty" owed by Defendant to Plaintiff, the pleadings do not sufficiently allege facts to show proximate cause; i.e., but for the climate maintained by Defendant, Plaintiff would not have been shot by a person or persons unknown.

Both Plaintiff and Defendant refer extensively to the case of *Godfrey v. Boddie-Noell Enterprises, Inc.*, 843 F. Supp. 114 (E.D. Va. 1994) (Doumar, J.), *aff'd* (4th Cir.) 1995 U.S. App. LEXIS 1770 (*per curiam*). In *Godfrey*, the court adopted a narrow test for providing or attracting assaultive crimes. According to the *Godfrey* case, in order for a duty to arise under this exception:

> a business [must incorporate] a criminal element directly or indirectly into its method of conducting business, in other words, a business

[must] somehow directly or indirectly [benefit] from the presence of criminal or assaultive behavior.

Plaintiff relies on certain factors set forth in the *Godfrey* case to conclude that Nutty Buddy's is a more dangerous climate. However, *Godfrey* simply noted that the conspicuous absence of these particular factors leads to a conclusion of no duty, not that their presence is sufficient to create a duty or does, in fact, create a duty.

The Court finds and concludes that the Demurrer filed by Defendant as to Count I should be sustained and rules accordingly. Unless counsel for Plaintiff wishes to contest and/or present argument relative to the Motion for Summary Judgment relating to Counts II and III, the Motion for Summary Judgment as to each of those counts is granted. Plaintiff shall be given leave to amend Count I within twenty-one days after entry of the Order sustaining the Demurrer as to Count I, if Plaintiff be so advised.