PRESENT:  All the Justices

H. CURTISS MARTIN, ET AL.

                                          OPINION BY
v.  Record No. 121540        JUSTICE ELIZABETH A. McCLANAHAN
                                         JUNE 6, 2013
JAMES GARNER, ET AL.

              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                          J. Howe Brown, Judge

     In this declaratory judgment action for determination of

title to a private alley running between property owned by H.

Curtiss Martin and Virginia Drewry (Martin) and property owned

by James and Christine Garner (the Garners), Martin appeals from

the circuit court's judgment that the Garners hold fee simple

title up to the centerline of that portion of the alley abutting

their property.  Martin also appeals the circuit court's

judgment dismissing his claim against other abutting property

owners seeking a determination as to ownership of the remaining

length of the alley.  Finding no error, we will affirm the

circuit court's judgment.

                          I.  BACKGROUND

     The Garners, who own property located at 122 Prince Street

in Alexandria, filed an amended complaint seeking a declaration

that the eastern boundary line of their property is the

centerline of an abutting eight-foot wide private alley

extending approximately 90 feet due south from Prince Street.

Approximately 44 feet of the alley runs between the Garners'

property and the property owned by Martin, which is located at 118 Prince Street.  In their amended complaint, the Garners also named as defendants the following owners of properties lying adjacent to the alley: David and Helen Kenney; Richard and Harriet Melmer, Trustees; Robert Bisson and Sabine Sisk; and Charles W. Greenleaf (Abutting Owners).  Additionally, the Garners named the City of Alexandria, alleging the City was requiring them to obtain a judicial determination of their title to the portion of the alley abutting their property for the purpose of calculating a side yard setback required under the City's zoning ordinance.[1]

Martin filed an answer disputing the Garners' claim of ownership to the centerline of the alley.  He also filed a counterclaim against the Garners and a cross-claim against the Abutting Owners seeking a declaration that the fee underlying

_____

[1] In connection with their desire to construct a home on their property, the Garners sought to include the portion of the alley in which they claim ownership to satisfy their side yard requirement under the City's zoning ordinance.  The Board of Zoning Appeals determined that the alley could not be so used. The Garners appealed that decision to the circuit court and those proceedings have been stayed pursuant to an agreement between the Garners and the City.  The Garners also sought variances from the side and rear yard requirements which were granted by the Board of Zoning Appeals and upheld by the circuit court.  Martin has appealed the circuit court's judgment to this Court.  The determination of Garners' ownership in the alley has no bearing on issues raised in the pending zoning appeal.  See Martin v. City of Alexandria, ___ Va. ___, ___ S.E.2d ___ (2013) (this day decided).

2

the entire 90-foot length of the alley is owned by Martin. Robert Bisson and Sabine Sisk did not respond to the amended complaint. Richard and Harriet Melmer filed an answer to the original complaint but did not respond to the amended complaint or otherwise participate in the circuit court proceedings. David and Helen Kenney, Charles W. Greenleaf, and the City of Alexandria filed answers to the amended complaint and consented to be bound by the findings of the circuit court, waiving their rights to participate in the proceedings.[2]

At the trial in this matter, Ronald J. Keller, a licensed surveyor, testified as to his examination of the chains of title to the property located at 122 Prince Street, owned by the Garners, and the property located at 118 Prince Street, owned by Martin. Based on his examination, the parcels now comprising 122 and 118 Prince Street were both owned by George Markell, Jr. In 1891, Markell conveyed a parcel comprising the western portion of 122 Prince Street to Robert Miller. In January 1894, Markell conveyed a parcel comprising the eastern portion of 122 Prince Street to Robert Miller (the Miller deed). The Miller deed described the property as running "east on Prince Street

_____

[2] Although Martin only named the Garners in his appeal to this Court, the remaining parties named in the amended complaint were added as appellees pursuant to Orders entered by this Court on March 20 and April 2, 2013.

sixteen feet more or less to an alley . . . with the right of way over said alley in common with others entitled thereto."[3]  In May 1894, Markell conveyed the parcel comprising 118 Prince Street to William W. Browne and Richard F. Robinson, Trustees (the Browne/Robinson deed).  The Browne/Robinson deed described the property as running "west on Prince Street . . . to an alley eight (8) feet wide . . . with right of way over the said alley, in common with others entitled [t]hereto."

The circuit court ruled that the Garners own in fee simple up to the centerline of the 44 feet 4 inches of the alley abutting their property at 122 Prince Street.  The circuit court further ruled that Martin owns in fee simple up to the centerline of the same 44 feet 4 inches portion of the alley abutting their property at 118 Prince Street.  In addition, the circuit court dismissed Martin's claim seeking a determination as to ownership of the remaining length of the alley, ruling there was no justiciable controversy as to the Abutting Owners.

II.  ANALYSIS

A.    Ownership of Portion of Alley Abutting
      Garners' Property

---

[3] In 1905, Miller conveyed the parcels comprising 122 Prince Street to Charles Kircherer.  The description of the property placed the eastern boundary line at the centerline of the alley. This description has been used in the subsequent deeds contained in the chain of title to 122 Prince Street.

Martin argues the circuit erred in ruling that the Miller deed, under which the Garners claim their title, conveyed title to the centerline of the alley.

It is an established rule in Virginia that a conveyance of land bounded by or along a way carries title to the center of the way, unless a contrary intent is shown. Cogito v. Dart, 183 Va. 882, 889, 33 S.E.2d 759, 762 (1945) ("the boundary on a way, public or private, includes the soil to the center of the way if owned by the grantor and there are no words or specific descriptions to show a contrary intention"); see also Williams v. Miller, 184 Va. 274, 278-79, 35 S.E.2d 127, 129 (1945); Richmond v. Thompson, 116 Va. 178, 184-85, 81 S.E. 105, 107 (1914). This established rule of construction is not limited to public rights-of-way but applies equally to conveyances of property bounded "on a private way." Cogito, 183 Va. at 889, 33 S.E.2d at 763.

In Williams, we applied the general rule to hold that a grant of land bounded by an abandoned road carried title to the center of the road. 184 Va. at 275-76, 35 S.E.2d at 127-28. In reaching our conclusion, we noted that in describing the property as bounded "[o]n the west by the old public road now closed," the deed "speaks for itself" and "contains no limitation." Id. at 278-79, 35 S.E.2d at 128-29 (internal quotation marks omitted). Accordingly, there being no language

5

in the deed showing a contrary intent, "this general rule must be applied."  Id. at 279, 35 S.E.2d at 129.

Similarly, the Miller deed unambiguously conveys property bounded by an alley without any reservation or limitation.  The deed specifically describes the boundaries of the property as extending "to an alley, running north and south and leading into Prince Street, thence south forty four feet four inches."  Since there is no language in the deed showing a contrary intent, the Miller deed conveyed title to the centerline of the alley.[4]

We reject Martin's contention that the language in the Miller deed granting a "right of way over said alley in common with others entitled thereto" shows an intention by the grantor to retain ownership of the entire alley.  Under the general rule of construction, the Miller deed granted ownership in only four feet of the eight-foot wide alley.  In granting a right of way over the alley, the deed conveyed an easement over the four feet retained by the grantor.  In fact, Martin's position is inconsistent with the language in the Browne/Robinson deed, which also includes the conveyance of a right of way over the

_____

[4] We note that the Brown/Robinson deed, under which Martin claims ownership of the alley, likewise describes his property as running "to an alley."  Martin has advanced no legal rationale or principled reason as to why this language conveyed any greater ownership rights to the alley than the language contained in the Miller deed.

6

alley. Had the grantor intended to retain ownership of the alley when he conveyed the property in the Miller deed, it would have been unnecessary to include a right of way over the alley in the Browne/Robinson deed.

Therefore, we hold the circuit court properly ruled that the Garners own in fee simple up to the centerline of that portion of the alley abutting their property at 122 Prince Street.[5]

B.    Ownership of Remaining Portion of Alley

Martin argues the circuit court erred in ruling there was no justiciable controversy with regard to his claim of ownership of the remaining length of the alley.

"A circuit court has the power to issue declaratory judgments under Code §§ 8.01-184 through -191. Pursuant to this authority, circuit courts may make 'binding adjudications of right' in cases of 'actual controversy' when there is 'antagonistic assertion and denial of right.'" Miller v. Highland County, 274 Va. 355, 369-70, 650 S.E.2d 532, 538-39 (2007) (citing Code § 8.01-184; Hoffman Family, L.L.C. v. Mill

---

[5] Martin also assigns error to the circuit court's reliance on two deeds recorded in 1794 and its disregard of the merger of the fee underlying the alley. Because the circuit court's judgment is supported by the language of the Miller deed, which all parties agree is determinative of Garners' ownership of the alley, discussion of these assignments of error is unnecessary.

7

Two Assocs. P'ship, 259 Va. 685, 692, 529 S.E.2d 318, 323 (2000); Blue Cross & Blue Shield v. St. Mary's Hosp., 245 Va. 24, 35, 426 S.E.2d 117, 123 (1993); Erie Ins. Group v. Hughes, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990)); see also Code § 8.01-191 ("This article['s] . . . purpose is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights."); Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty., 285 Va. 87, 98, 737 S.E.2d 1, 6 (2013) (citing City of Fairfax v. Shanklin, 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964)); Yukon Pocahontas Coal Co. v. Ratliff, 175 Va. 366, 368-69, 8 S.E.2d 303, 304 (1940).

> [A]n actual controversy is a prerequisite to a court having authority. If there is no actual controversy between the parties regarding the adjudication of rights, the declaratory judgment is an advisory opinion that the court does not have jurisdiction to render. The prerequisites for jurisdiction, an actual controversy regarding the adjudication of rights, may be collectively referred to as the requirement of a "justiciable controversy."

Fitness Club Operators, 285 Va. at 98, 737 S.E.2d at 6.

"The controversy, therefore, must be one that is 'justiciable,' meaning a controversy in which there are 'specific adverse claims.'" Blue Cross & Blue Shield, 245 Va. at 35, 426 S.E.2d at 123 (quoting Shanklin, 205 Va. at 229, 135 S.E.2d at 775). "[T]he declaratory judgment statute . . . 'contemplates that the parties to the proceeding shall be

8

adversely interested in the matter as to which the declaratory judgment is sought.'"  Chick v. MacBain, 157 Va. 60, 66, 160 S.E. 214, 216 (1931) (quoting Patterson v. Patterson, 144 Va. 113, 120, 131 S.E. 217, 219 (1926)).

> [T]he question involved must be a real and not a theoretical question; the person raising it must have a real interest to raise it; he must be able to secure the proper contradicter, that is to say, someone presently existing who has a true interest to oppose the declaration sought.

Patterson, 144 Va. at 120, 131 S.E. at 219 (internal quotation marks omitted).

Additionally, a controversy is "justiciable" only if the claim is "'based upon present rather than future or speculative facts, [that] are ripe for judicial adjustment.'"  Blue Cross & Blue Shield, 245 Va. at 35, 426 S.E.2d at 123 (quoting Shanklin, 205 Va. at 229, 135 S.E.2d at 775).  The "proof and allegation" must aver a controversy beyond "the realm of speculation."  River Heights Assocs. v. Batten, 267 Va. 262, 268, 591 S.E.2d 683, 686 (2004); see also Fitness Club Operators, 285 Va. at 98, 737 S.E.2d at 6-7; Cupp v. Board of Supervisors, 227 Va. 580, 591, 318 S.E.2d 407, 412 (1984).

In Martin's pleadings, he seeks a declaration that he owns the fee underlying the entire length of the alley.  He does not allege, however, that the Abutting Owners have asserted an ownership interest in the alley.  Although Martin alleges

9

generally that "[e]ach of the Abutting Owners and/or their predecessors in interest have from time to time blocked, stopped up, and/or interrupted" the alley "and/or disputed Martin & Drewry's rights as owners of the fee underlying" the alley, there is no allegation detailing a specific violation of Martin's alleged rights in the entire alley. (Emphasis added.)[6] Indeed, the Garners do not claim ownership of any portion of the alley other than that portion abutting their own property which was adjudicated by the circuit court.

Thus, with respect to the portion of the alley not abutting the Garners' property, Martin's pleadings do not allege "present facts" evidencing a "specific adverse claim" between parties with "true interest to oppose" Martin's claim to ownership of the alley. Blue Cross & Blue Shield, 245 Va. at 35, 426 S.E.2d at 123 (quoting Shanklin, 205 Va. at 229, 135 S.E.2d at 775); Patterson, 144 Va. at 120, 131 S.E. at 219. See also Chick, 157 Va. at 66, 160 S.E. at 216. Contrary to Martin's argument, the fact that the Abutting Owners "were before the court and the relevant deeds were in evidence," is insufficient to establish a justiciable controversy between the parties. Accordingly, the circuit court did not err in dismissing Martin's claim seeking a

---

[6] The Abutting Owners who did file pleadings have not asserted an ownership interest in the alley.

10

declaration of ownership as to the remaining length of the alley.

## III.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the circuit court.

Affirmed.
