# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Wednesday the 3rd day of July, 2024.*

SCHOOL BOARD OF STAFFORD COUNTY,                                                  PETITIONER,

  against        Record No. 240352
                  Circuit Court No.  CL23003313-00

SUMNER FALLS RUN, LLC, ET AL.,                                                  RESPONDENTS.

  and

VIRGINIA DEPARTMENT OF TRANSPORTATION,                                                  PETITIONER,

  against        Record No. 240353
                  Circuit Court No.  CL23003313-00

SUMNER FALLS RUN, LLC,                                                  RESPONDENT.

UPON PETITIONS FOR REVIEW UNDER CODE § 8.01-670.2
Justices McCullough, Russell, and Mann

Upon consideration of the petitions filed pursuant to Code § 8.01-670.2, the Court is of opinion that the judgment below should be reversed.

Stafford County is in the process of building two new schools.  A nearby property owner, Sumner Falls Run, LLC ("Sumner"), is concerned about the adverse effects this construction will have on an easement it owns and on the value of property it owns.  Sumner filed a declaratory judgment action against the School Board of Stafford County and the Virginia Department of Transportation seeking the following relief:  (1) a declaration that the School Board can access its site through a private easement and/or county-owned and maintained road; (2) a declaration that Sumner has a vested right to maintain the existing intersection of Village Falls Drive and Stafford Plaza Drive under Code § 15.2-2307; (3) a declaration that the existing entrance of the same two roads is exempt from VDOT's Access Management regulations under 24 VAC 30-70-120(C)(3)(a); and (4) a declaration that any taking of property beyond extending

the current easement violates the doctrine of necessity and is forbidden by Article I, § 11 of the Virginia Constitution.

The School Board and VDOT filed a plea of sovereign immunity, contending that the doctrine barred Sumner's declaratory judgment action. The circuit court held that the declaratory judgment action was not barred by sovereign immunity. Relying on Code § 8.01-670.2, which allows an interlocutory appeal from a granted or denied plea of sovereign immunity, the School Board and VDOT appeal this decision. We entered a stay and now reverse the judgment below.

We "review de novo a trial court's ruling on a plea of sovereign immunity." *Pike v. Hagaman*, 292 Va. 209, 214 (2016).

I.     THE DECLARATORY JUDGMENT ACT DOES NOT ABROGATE SOVEREIGN IMMUNITY ACROSS THE BOARD.

As a general proposition, the common law did not permit an action unless a wrong had actually been committed. As a consequence, it was "impossible to know for certain whether a proposed act or course of action was legally permissible. The only thing which could be done was to plunge ahead as if in the dark, and hope that one's attorney was correct in his conclusion as to the applicable law." Stanley H. Mervis, *Declaratory Judgments in Virginia*, 1 Wm. & Mary Rev. Va. 32, 32 (1950). To overcome this obstacle, the Commission on Uniform State Laws recommended the enactment of the Uniform Declaratory Judgment Act in 1921. Virginia adopted its Declaratory Judgment Act in 1922. *See Chick v. MacBain*, 157 Va. 60, 66 (1931) ("The manifest intention of the legislature . . . was to provide for a speedy determination of actual controversies between citizens, and to prune . . . the dead wood attached to the common law rule of 'injury before action.'").

Although the Declaratory Judgment Act abrogates the common law's injury-before-action barrier, it does "not create or change any substantive rights, or bring into being or modify any relationships, or alter the character of controversies, which are the subject of judicial power.'" *Williams v. Southern Bank of Norfolk*, 203 Va. 657, 662 (1962).

In its current form, the Declaratory Judgment Act, Code § 8.01-184, provides:

> In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving

2

> the interpretation of deeds, wills, and other instruments of writing, statutes, municipal ordinances and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

The interpretation of the Declaratory Judgment Act is a question of statutory interpretation, "a pure question of law which we review de novo." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007).

The language of the Declaratory Judgment Act itself does not expressly waive sovereign immunity.[1] We have never held that the Declaratory Judgment Act waives sovereign immunity. To the contrary, we have held that sovereign immunity can bar a declaratory judgment action against the Commonwealth unless the General Assembly has made its intent clear that sovereign immunity is waived and, therefore, a declaratory judgment action can proceed against the Commonwealth. For example, in *Virginia Board of Medicine v. Virginia Physical Therapy Ass'n*, 245 Va. 125 (1993) (*aff'g* 13 Va. App. 458 (1991)), we approved the Court of Appeals' holding that the Virginia Administrative Process Act ("VAPA") waived sovereign immunity to permit judicial review of an agency's regulations, but only in the manner provided by the VAPA. In that instance, the VAPA did not permit a declaratory judgment action. Consequently, a declaratory judgment action, which fell outside the procedure contemplated by the act, was barred by sovereign immunity. *Id.* In *Afzall v. Commonwealth*, 273 Va. 226 (2007), we similarly concluded that a statute governing Medicaid liens did not provide a waiver of sovereign immunity that would permit a court to entertain a declaratory judgment action against the Commonwealth and, therefore, sovereign immunity barred the action.

In short, the Declaratory Judgment Act, by itself, is not an across-the-board waiver of sovereign immunity. We reverse the circuit court's judgment to the contrary.

II. SOVEREIGN IMMUNITY DOES NOT BAR A DECLARATORY JUDGMENT ACTION IF THE CLAIM IS BASED ON A SELF-EXECUTING PROVISION OF THE VIRGINIA CONSTITUTION; A

---

[1] The holding in *Pritchett v. Petersburg City Council*, 103 Va. Cir. 270 (Petersburg 2019), upon which the circuit court relied, cannot be reconciled with our precedent. The court in *Pritchett* concluded that Code § 8.01-184 waived sovereign immunity in any declaratory judgment action seeking the interpretation of a municipal ordinance. Although Code § 8.01-184 allows a declaratory judgment action in certain kinds of cases, it does not by its plain language abrogate sovereign immunity in any declaratory judgment action.

When a constitutional provision is self-executing, "sovereign immunity does not preclude declaratory and injunctive relief." *DiGiacinto v. Rector & Visitors of George Mason Univ.*, 281 Va. 127, 137 (2011). In addition, self-executing provisions "are enforceable in a common law action." *Gray v. Va. Sec'y of Transp.*, 276 Va. 93, 106 (2008). The takings provisions of the Virginia Constitution are self-executing. *Kitchen v. City of Newport News*, 275 Va. 378, 392 (2008). That, however, does not end the inquiry here. A declaratory judgment action, even one based on a self-executing provision of the Virginia Constitution, must be justiciable under longstanding principles that govern the Declaratory Judgment Act.

Under the Declaratory Judgment Act, the circuit courts have the authority to make "binding adjudications of right" in cases of "actual controversy" when there is "antagonistic assertion and denial of right." Code § 8.01-184. *Treacy v. Smithfield Foods*, 256 Va. 97, 103 (1998). "To be 'justiciable,' the controversy must involve specific adverse claims that are based on present, not future or speculative, facts that are ripe for judicial assessment." *Id.* at 103-04. The Declaratory Judgment Act, however, "does not give trial courts the authority to render advisory opinions, decide moot questions, or answer inquiries that are merely speculative." *Id.* at 104. *Compare City of Fairfax v. Shanklin*, 205 Va. 227, 229 (1964) (declaratory judgment action dismissed as not justiciable) *with Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331 (1983) (declaratory judgment action was appropriate).[2]

As to VDOT, the declaratory judgment sought by Sumner does not implicate a self-executing provision of the Virginia Constitution. Therefore, the circuit court should grant VDOT's plea of sovereign immunity.

With respect to the School Board, the answer is more complex. For many constitutional rights, particularly those contained in the Bill of Rights, a declaratory judgment is proper to prevent those rights from being infringed. For example, the government has no right to abridge free speech rights or to conduct searches under a general warrant. In contrast, the government

---

[2] We also note that while Code § 8.01-187 plainly authorizes declaratory judgment actions in eminent domain proceedings, *see Sheffield v. Dep't of Highways & Transp.*, 240 Va. 332 (1990), that statute does not contemplate a declaratory judgment that is based on future or speculative facts. Rather, it permits a declaratory judgment once a taking or damaging of property *has* occurred.

*can* take or damage private property, provided that the taking or damaging is for a public use and that just compensation is paid.  There is no dispute here that a taking would be for a public purpose.  Sumner does not allege that the Commonwealth or the School Board is on the cusp of damaging its property within the intendment of Article I, § 11.  No taking has yet occurred.  Therefore, Sumner's declaratory judgment action is premature with respect to its takings claim.  Sumner further claims that the School Board plans to take more of its property than is necessary.  It is not clear on the record before us whether this aspect of Sumner's declaratory judgment action is premature or whether it is justiciable.  Further evidence may be needed to resolve this point.

 We remand the case for further proceedings consistent with this order and with longstanding principles that govern the justiciability of declaratory judgment actions.

 This order shall be published in the Virginia Reports and certified to counsel for the Petitioners, counsel for the Respondents, and the Circuit Court of Stafford County.

A Copy,

Teste:

Clerk

5