# Richmond

## PORTSMOUTH RESTAURANT ASSOCIATION, INC. v. HOTEL AND RESTAURANT EMPLOYEES ALLIANCE, LOCAL NO. 807 OF PORTSMOUTH, VIRGINIA.

March 5, 1945.

Record No. 2875.

Present, All the Justices.

The opinion states the case.

*A. A. Bangel* and *James G. Martin & Son*, for the appellant.

*Tom E. Gilman* and *I. B. Padway*, for the appellee.

SPRATLEY, J., delivered the opinion of the court.

Portsmouth Restaurant Association, Inc., on March 4, 1944, filed its bill in this proceeding against Hotel and Restaurant Employees Alliance, Local No. 807 of Portsmouth, Virginia. The sole question under review is the sufficiency of the bill to state a case for a declaratory judgment.

The bill alleged that plaintiff had a written contract with the defendant, dated February 23, 1943, in which it was agreed that members of the defendant Local No. 807, a labor union, would cause no strike or picketing while the contract remained in effect, that is, during the year ending February 23, 1944, a copy of the contract being filed as an exhibit; that, in breach of the contract, the defendant, in September, 1943, called a strike and picketed; that thereupon

plaintiff brought an injunction suit in the Court of Hustings for the City of Portsmouth, against the defendant, to enjoin said picketing, and in September, 1943, that court granted a temporary injunction order against picketing pending that proceeding; that the contract contained a provision for arbitration of any dispute as to the "construction" or any "factual" disagreement arising thereunder, in the following language:

"Section 14. Any dispute as to the construction of any of the provisions of this Agreement, either hereinbefore or hereinafter stated, or any factual dispute arising out of or under this Agreement, shall be referred to a board of arbiters, said board to be composed of one representative to be chosen by the employer, and one representative to be chosen by the Union; but should the two said representatives fail to agree, then, they shall choose a third member to sit with them, and the decision of the said three arbiters shall be final and binding upon the parties hereto. Provided, however, that should the said representatives of the employer and Union fail to agree on a third arbiter within thirty (30) days after the dispute arises, or should the said board of three arbiters fail to reach a decision within sixty (60) days then the United States Conciliation Department shall then suggest the names of three persons from which shall be selected a third arbiter in the place and stead of the third arbiter selected by the representatives of the Employers and Union, provided, further, that the said periods herein allowed to the Arbiters may be extended by a mutual agreement of the Union and employer in writing."

The bill then alleged, that in the injunction suit the Court of Hustings ordered the parties to arbitrate their differences under the contract, "although there was nothing to arbitrate under said contract, the defendant really wanting a new contract with a closed shop clause and higher wages, etc."; that the order of the court recited that the arbitration was to be "pursuant to section 14 of the written contract"; that although the court was without jurisdiction, the plaintiff appointed one arbitrator, the defendant another, and the

two not agreeing, John E. Dwyer was named the third arbitrator; that the arbitrators not agreeing on the matters in issue, Dwyer alone made a "so-called award," having first had the other two arbitrators sign an agreement that the matters to be passed upon should include whether the strikers should be reinstated in their jobs, and that if the "three arbitrators could not agree, then the decision of Dwyer alone should be final and binding"; that the arbitrator selected by the plaintiff was not authorized to arbitrate such a question nor to agree to do so; that the court had not directed such an arbitration nor did it have jurisdiction to order it under the contract or otherwise; and that Dwyer made his "so-called award" to the effect that, while both parties to the contract were guilty of a serious lack of cooperation in disposing of grievances between them, the members of the Union were not justified in striking, and that the strikers should be reinstated in the same jobs they held prior to the date of the strike, effective as of November 29, 1943.

The bill further alleged that the arbitration award was null and void, because it was not within the pleadings nor the jurisdiction of the court, and neither pursuant to the order of the court nor to the terms of the contract between the parties; that the Court of Hustings, on November 30, 1943, dissolved the judgment against picketing and dismissed the bill for the injunction; that defendant withdrew its pickets, so that there was no further reason for appeal or injunction; that this apparently ended the controversy; that plaintiff did not recognize the award and no attempt was made to enforce it; that although, before the award, some of the strikers had separated from the Union and returned to work, none applied for reinstatement thereafter; and that shortly after the dissolution of the injunction, the defendant gave plaintiff written notice that the contract would not be continued after February 23, 1944.

The bill further averred that, "having waited a long time as if nothing would be done," defendant, in February, 1944, filed a petition with the National War Labor Board for the enforcement of the award, and that Board through the

Regional Labor Board for the Fourth Region, entered an order February 19, 1944, affirming the award of John E. Dwyer; that this order expressly authorized and invited a court decision; and that the order was in the following language:

"1.   The Regional War Labor Board for the Fourth Region, acting as the duly authorized agent of the National War Labor Board in the exercise of the powers vested in it by Executive Order No. 9017 of January 12, 1942, the Executive Orders, Directives and Regulations issued under the Act of Congress of October 2, 1942, and by the War Labor Disputes Act of June 25, 1943, hereby orders the Portsmouth Restaurant Association and the individual members thereof and the Hotel and Restaurant Employees International Alliance and Bartenders International League of America, Local No. 807, A.F.L. to carry out immediately the arbitration award of John E. Dwyer issued under date of November 24, 1943.   This Directive Order to be without prejudice to the right of any party to the case to appeal to a court of competent jurisdiction for a judicial determination of rights and obligations arising out of the award and if such a court sets aside the award in whole or in part then such part of this Board's Order as may be contrary to the determination of the court shall be considered as of no force or effect.

"11.   This order shall stand confirmed as the Order of the National War Labor Board and unless otherwise directed by the National War Labor Board, shall take effect 15 days from February 19, 1944, unless in the meantime a petition for review is filed with the National War Labor Board, in which event this Order shall be suspended until disposition of the petition for review, unless the National War Labor Board otherwise directs, or has otherwise directed, or the parties otherwise agree."

The bill further alleged that the agreement between the parties expired on February 23, 1943, and there was nothing for the order of the War Labor Board to operate upon, even if it had been valid; and that there was an actual controversy

between the parties as to the validity, meaning, and effect of the arbitration award and the order of the War Labor Board.

The bill prayed for a declaratory judgment as to whether the arbitration award was valid and the meaning and effect thereof, and also whether the order of the War Labor Board was valid or void and its meaning and effect, and that the court declare the award and order invalid and of no effect.

Copies of the award and the order of the Regional War Labor Board were exhibited with the bill.

The defendant filed a single pleading, a plea of *res adjudi-cata*, or estoppel by judgment, claiming that the dissolution of the bill for the injunction by the Court of Hustings had adjudicated the matter.

On May 8, 1944, the trial court entered a decree striking out the plea of the defendant on motion of the plaintiff, and on its own motion proceeding further, stated therein that "the Court being of opinion among others that the contract set forth in the bill expired on February 23, 1944, and that there is now no existing controversy between the parties to be adjudicated," dismissed the bill. To the action of the court in dismissing the bill the plaintiff duly objected and excepted, and thereafter obtained this appeal.

The plea of the defendant having been struck out and no answer being filed, although the time had not expired in which it could have been filed, the effect of the court's action was to take the bill for confessed. The plaintiff was not given leave to amend its bill, nor does it appear that it asked for such leave. The defendant was not directed to file an answer. No objection was made by either party to the form of procedure.

Although the controversy between the parties is not as clearly stated in the bill as it might be, it is apparent that it alleges an actual controversy between them, that is, that the defendant asserts a right to the enforcement of the arbitrator's award through the order of the Regional War Labor Board, the validity of which award and order the plaintiff denies. In other words, the plaintiff claims the arbitration award and the order of the War Labor Board are without

force and effect. The defendant has asked the Labor Board to give them full force and effect. This constitutes an actual antagonistic assertion and denial of a right.

The effect of the hearing upon the bill alone was to admit as true all facts alleged. In the absence of any pleadings by the defendant or any evidence, the existence of a controversy was set out by the allegations.

The Declaratory Judgment Act, Virginia Code, 1942, (Michie), sections 6140a-6140h, is remedial and is to be liberally interpreted and administered. It does not require one to wait until a right has been violated to seek judicial relief. "Preventive relief is the moving purpose." *American Nat. Bank, etc., Co. v. Kushner*, 162 Va. 378, 174 S. E. 777.

We are here concerned with the right to an interpretation of the arbitration award and order of the War Labor Board. An actual controversy as to their interpretation and effect exists according to the bill.

Whether the arbitration award was valid, what effect it had after the contract expired, even if valid, the question of the jurisdiction of the War Labor Board, and the effect and meaning of its order, if it had jurisdiction, were matters of controversy between the parties, and the court was asked to determine each question. The fact that the contract between the parties expired on February 23, 1944, may affect the merits of the controversy, but does not lessen the alleged fact of an existing controversy. See *Yukon Pocahontas Coal Co. v. Ratliff*, 175 Va. 366, 8 S. E. (2d) 303.

We are asked to review and reverse the decree of the trial court, and to enter a final decree in favor of the plaintiff. No declaratory judgment is before us for review. We have no original jurisdiction. See Virginia Code, 1942, (Michie), section 6140a; *Jones Transfer, etc., Co. v. Commonwealth*, 174 Va. 184, 5 S. E. (2d) 628.

Accordingly, this cause is remanded for such further proceedings as may be necessary to develop the issues, and for such orders and decrees as may thereafter be proper.

*Reversed and remanded.*