# Richmond

CITY OF FAIRFAX, ET AL. v. JAY E. SHANKLIN.

April 27, 1964.

Record No. 5735.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

*John H. Rust*, for the appellants.

*Jay E. Shanklin*, for the appellee.

CARRICO, J., delivered the opinion of the court.

On May 2, 1962, Jay E. Shanklin, the plaintiff, filed a "Motion for Declaratory Judgment and Other Relief" (Code, § 8-578) against the city of Fairfax and the Board of Zoning Appeals of the city, the defendants.

The motion sought an adjudication that certain sections of the

city's zoning ordinance were invalid insofar as they purported to confer upon the Board of Zoning Appeals the authority to issue special use permits for the construction of apartments in the city. The motion prayed that the city be restrained, "from issuing any building or construction permit pursuant to any 'special use permit' issued by the Board."

The defendants filed a "Motion to Strike" the motion for declaratory judgment on the grounds that "no controversy is shown to exist" between the plaintiff and the defendants and that the plaintiff, "has no standing in Court to protest local practices unless there is a direct injury to him, and that mere apprehension and speculation that he will in fact be injured is insufficient grounds for the maintenance of this action."

On May 28, 1962, the trial court, after hearing argument, ruled that there was, "an actual controversy" between the parties and that the plaintiff, because he was a taxpayer of the city, "has an interest which might be injuriously affected by an illegal decision" of the Board of Zoning Appeals. The defendants' motion to strike was overruled.

The defendants then filed their answer and grounds of defense, affirming the authority of the Board of Zoning Appeals to issue special use permits for the construction of apartments, and reasserting their claim of lack of controversy between the parties.

Thereafter, on March 15, 1963, in its final order, the trial court ruled that the city's zoning ordinance was invalid, insofar as it related to the authority of the Board of Zoning Appeals to grant special use permits for apartments. The defendants were granted an appeal.

The defendants assigned error to the actions of the trial court in ruling:

1. That an actual controversy existed between the parties and that the plaintiff had standing to maintain the declaratory judgment action.

2. That the disputed provisions of the city's zoning ordinance were invalid.

The plaintiff sought, by his motion for declaratory judgment, to have declared invalid certain portions of the zoning ordinance of the city. That ordinance, in section 11, permitted the construction of apartments and apartment houses in zone R-3 upon the granting of

special use permits by the Board of Zoning Appeals, under the authority of section 5.08, "subject to conditions in section 5-12."

It was the plaintiff's contention that section 5.08 of the ordinance, insofar as it related to the authority of the Board of Zoning Appeals to grant special use permits for apartments, was invalid because it was at variance with Code, § 15-831, which authorized the city, in its zoning ordinance, to confer upon the board the power, "to hear and decide special exceptions." The gist of the plaintiff's argument was that statutory authority for the board to hear and decide special exceptions did not bestow power to grant special use permits for apartments.

In the view which we take of the case, however, we do not reach the question of the alleged invalidity of the special use permit provisions of the ordinance. We are of opinion that the trial court should not have taken jurisdiction of the declaratory judgment action in the first instance.

Code, § 8-578 is the statutory authority for declaratory judgment proceedings in this Commonwealth. From it stem the jurisdiction of the courts of record to entertain applications for declaratory relief and the power to make binding adjudications of the rights of the parties involved.

But the same Code section also imposes limitations upon the exercise of such jurisdiction and power. It must appear that there is an "actual controversy" existing between the parties, based upon an, "actual antagonistic assertion and denial of right", before the application can be entertained and an adjudication made. Code, § 8-578; *Williams* v. *Bank of Norfolk*, 203 Va. 657, 661-663, 125 S. E. 2d 803; *Yukon Pocahontas Coal Co.* v. *Ratliff*, 175 Va. 366, 368, 8 S. E. 2d 303; *Chick* v. *MacBain*, 157 Va. 60, 66, 160 S. E. 214; Burks Pleading and Practice, 4th Ed., Sec. 194, p. 310; Annotation, 174 A.L.R. 853.

The controversy must be one that is justiciable, that is, where specific adverse claims, based upon present rather than future or speculative facts, are ripe for judicial adjustment. *Schroder* v. *City of Lincoln*, 155 Neb. 599, 52 N. W. 2d 808, 813; 26 C.J.S., Declaratory Judgments, § 27, p. 99, § 28, p. 101; 16 Am. Jur., Declaratory Judgments, § 26, p. 298; Annotation, 114 A.L.R., 1361, 1363.

The reason for these rules is that the courts are not constituted, and the declaratory judgment statute was not intended to vest them with authority, to render advisory opinions, to decide moot questions

or to answer inquiries which are merely speculative. *Patterson's Ex'rs v. Patterson*, 144 Va. 113, 119, 120, 131 S. E. 217; 26 C.J.S., Declaratory Judgments, § 30, p. 107.

In the case before us, the plaintiff alleged in his motion for judgment that an application on behalf of Leon Johnson and Bennett W. King was pending before the Board of Zoning Appeals seeking a special use permit to erect apartments. However, the trial court did not rely upon that fact in its opinion and order overruling the defendants' motion to strike. Nor does the plaintiff mention the Johnson-King application in his brief and the apparent reason therefor is that, as conceded in argument before us, the application was denied when it was acted upon by the board, thus rendering moot any issue between the plaintiff and the defendants with respect thereto.

The plaintiff's case, revealed in its true nature, is but a wholesale, broadside assault upon the city's zoning ordinance, bereft of a single real complaint of injury, or threatened injury. No better proof of this characterization can be found than in the following sentence in the agreed incidents of trial and statement of facts:

". . . No specific case regarding apartment usage within the city is involved in this cause."

That being true, the plaintiff seeks to sustain the jurisdiction of the trial court upon his bare position as a taxpayer of the city and his assertion that the zoning ordinance was invalid *vis-a-vis* the city's claim that it was valid.

It is the plaintiff's contention that since Code, § 15-834[1] (now Code, § 15-968.11) provided him, because he was a taxpayer, the right of judicial review to attack the authority of the Board of Zoning Appeals, *after a decision was made* by the board, he had, *a fortiori*, the right to challenge such authority *before such a decision was made.*

This contention is clearly without merit. It may well be that after a decision is made by the board which aggrieves a taxpayer, the elements would then exist to support a declaratory judgment action in which the authority of the board could be challenged.

---

[1] § 15-834. *Petition in case of illegal decision of board.*—Any person or persons, jointly or severally aggrieved by any decision of the board of zoning appeals or any taxpayer or any officer, department, board or bureau of the municipality may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.

But that is not to say that such elements exist where the board has not made any decision. Authority for judicial review under one set of circumstances, pursuant to one statute, is not grounds for judicial interference under color of a different statute, where other circumstances exist.

Too much is here left to speculation. The board may never again be called upon to act regarding an application for a special use permit for apartments. Or, if someone does apply, and the plaintiff opposes the application, the board may decide the case in the plaintiff's favor. Or, if the board grants such a permit, the apartments may be in a location in the city which would not aggrieve the plaintiff.

Since there was, "[n]o specific case regarding apartment usage within the city . . . involved in this cause", plaintiff's case had to depend, of necessity, upon future or speculative facts, that is to say, that a special use permit might, someday, be granted by the board which might aggrieve the plaintiff. Under these circumstances, the motion for declaratory judgment, upon its face, merely sought an advisory opinion, or a decision upon a moot question, or an answer to a speculative inquiry.

The situation presented here is nothing more than a difference of opinion between a taxpayer and his government. "A controversy is not created by taking a position and then challenging the government to dispute it." 26 C.J.S., Declaratory Judgments, § 26, p. 99.

It was error for the trial court to take jurisdiction of the motion for declaratory judgment. Accordingly, the final order of March 15, 1963, will be reversed and declared a nullity and the motion for declaratory judgment will be dismissed.

*Reversed and dismissed.*