**CIRCUIT COURT OF SPOTSYLVANIA COUNTY**

Deborah Elizabeth Gayle Garnett

v.

Medicorp Properties, Inc.

August 22, 2003

Case No. CH03-482

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the allegations in this bill for declaratory judgment set forth a justiciable claim for which relief can be granted under the Declaratory Judgment Act.

*Facts*

On demurrer, the well-stated material facts alleged in the pleading, and all facts that can be reasonably inferred from those allegations, are deemed true. *Bowman v. State Bank*, 229 Va. 534 (1985). Thus, the facts recited below are those recited in the bill of complaint.

The parties entered into a contract on May 5, 1998, by which Medicorp agreed to purchase a 2.2-acre parcel of land at the corner of Courthouse Road and Smith Station Road from Garnett. The contract was amended twice. The transaction went to closing on January 4, 1999.

By separate agreement, Medicorp agreed to construct certain off-site improvements for the benefit of its 2.2-acre parcel as well as adjacent parcels retained by Garnett. No deadline for those improvements were expressed in the contract. Medicorp has not constructed the off-site improvements.

Garnett contends that performance must be completed within a reasonable time and that "a reasonable time has passed." In her prayer for relief, Garnett does not just ask for a declaration that the time for Medicorp to perform has

expired. Rather, her prayers include a request that the court determine a "reasonable time," and, if that time has not yet expired, the court is to determine the date by which the work should be completed.

Medicorp demurred. First, Medicorp concedes that its contract obligations must be completed within a reasonable time. Next, however, Medicorp argues that, even assuming all of Garnett's factual allegations are true, the court cannot make a declaration involving a future deadline for performance.

## Decision

Under the Declaratory Judgment Act, the court is authorized to make binding adjudications of right in cases of actual controversy when there is an "actual antagonistic assertion and denial of right." Virginia Code § 8.01-184. The authority is largely discretionary and should be exercised with caution. *Liberty Mutual v. Bishop*, 211 Va. 414 (1970). The court may be called upon to make determinations related to future events as long as the events are not speculative and indefinite. See *Hoffman v. Mill Two Associates*, 259 Va. 685 (2000).

On the other hand, the Act does not authorize courts to render advisory opinions, decide moot or academic issues, or answer speculative inquiries. In *Blue Cross v. St. Mary's Hospital*, 245 Va. 24 (1993), the court held that a declaratory judgment was improper where the ruling was based upon speculation "because no one can say with reasonable certainty what facts may exist [at a particular future date]." Also see *Fairfax v. Shanklin*, 205 Va. 227 (1964).

The same is true here. Garnett requests an adjudication that would be based at least in part on speculative future circumstances.

As everyone now agrees, Medicorp's contractual obligation required it to complete performance of the off-site work within a reasonable time. (See 4A M.J., *Contracts*, § 59.) If that time has not already elapsed, the court must divine the date upon which a "reasonable time" will elapse. This is an impossibility since the reasonableness of time of performance depends upon all the surrounding facts and circumstances, not just those that existed when the contract was signed, but those that may occur during the performance period.

For this reason, the demurrer will be sustained as to that portion of the bill that calls upon the court to select a "reasonable time" and project it into the future. This applies to (2) and (3) in the prayer because of the way those

requests for relief are worded. Garnett may amend within twenty-one days of the order because, as discussed above, her allegation that a reasonable time has passed (¶ 14 of the bill) would be an appropriate basis for relief, if her prayer for relief properly addressed that assertion.