## CIRCUIT COURT OF FAIRFAX COUNTY

Stuart L. Graves
and Stuart L. Graves,
D.D.S., M.S., P.C.

v.

Ciraden, Inc.

June 9, 2004

Case No. (Chancery) 188285

BY JUDGE JONATHAN C. THACHER

This matter came on for a review of Respondent's Demurrer to the Bill of Complaint for Declaratory Judgment on April 23, 2004. The issue before this Court is whether the Complainant's Bill of Complaint sets forth an actual, justiciable controversy for which a declaratory judgment would be an appropriate remedy. After reviewing the pleadings, and considering counsels' arguments, the Court reaches the findings and conclusions stated below.

*Background*

Stuart L. Graves, D.D.S., M.S., P.C., and Stuart L. Graves, D.D.S. (hereinafter the "Complainant" ) entered into two separate agreements with MainStreet Dental Management Corporation, now known as Ciraden, Inc., the Respondent. Both agreements, a Mainstreet Services Agreement and a Non-Competition and Confidentiality Agreement, were signed on September 1, 1997. Each of these agreements contains restrictive covenants, which are at issue in this suit.

The crux of the agreement is that, in exchange for 505,524 shares of Mainstreet Class B Common Stock, as well as leased dental equipment, leased office space, and administrative, marketing, and personnel support provided

128

by the Respondent, the Complainant agreed to operate the dental practice for thirty years and agreed to a Non-Competition and Confidentiality Agreement.

In pertinent part, the restrictive covenants at issue call for a non-compete time-frame of twenty years, as well as a radius of six miles from any of the Respondent's Offices, in which the Complainant cannot engage in any activities that would put him in direct or indirect competition with the Respondent. See Non-Competition and Confidentiality Agreement at § 1. The agreements also contain a liquidated damages clause which requires a payment of $200,000 if the Complainant were to breach the agreements signed on September 1, 1997. See *id.* at § 5(d).

The Complainant wishes to practice dentistry within the six mile area restricted by the agreements. Before breaching the agreements, the Complainant filed a Bill of Complaint, seeking a declaratory judgment to be entered by this Court, declaring that the restrictive covenants contained within the agreements are overbroad and should not be honored. The Respondent has countered with a Demurrer, asserting that the Complainant has failed to state a claim for relief. Namely, the Respondent claims that there is no controversy between the parties, as neither party has breached any of the agreements. Additionally, the Respondent claims that neither party is asserting or denying a specific right, as required by the Declaratory Judgment Act.

*Analysis*

Pursuant to Va. Code § 8.01-273, a demurrer may be sustained if a pleading does not state a cause of action or if a pleading fails to state facts upon which the relief demanded can be granted. A demurrer tests the legal sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). The movant for the demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (*quoting Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)).

The Court must determine whether the Complainant's desire to practice in the restricted area is enough to create an actual controversy that would allow the Court to hear the merits of the Bill of Complaint for a Declaratory Judgment.

"Circuit courts have power to make 'binding adjudications of right' in cases of 'actual controversy' where there is 'antagonistic assertion and denial of right'." *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331, 302 S.E.2d 529,

531 (1983) (quoting Va. Code § 8.01-184). "The declaratory judgment statutes are remedial, their purpose being 'to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights. . .'." *Id*. (quoting Va. Code § 8.01-191). "The statutes are to be 'liberally interpreted and administered with a view to making the courts more serviceable to the people." *Id*. "But the controversy must be 'justiciable,' that is, one in which there are 'specific adverse claims,' based on present facts, that are 'ripe for judicial adjustment'." *Id*. (*quoting City of Fairfax v. Shanklin*, 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964)). "Enactment of the declaratory judgment statutes did not vest the courts with authority to render advisory opinions, decide moot questions, or answer merely speculative inquiries." *Id*. In order to issue a declaratory judgment, the Court must find that a party's rights are being "immediately threatened." *Mosher Steel-Virginia v. Teig*, 229 Va. 95, 100, 327 S.E.2d 87, 91 (1985).

The Court finds that the Complainant does have standing to challenge the Non-Competition and Confidentiality Agreement as an actual controversy exists. The current challenge to the Complainant's standing to bring this cause of action comes in a demurrer. This Court is guided by the Supreme Court of Virginia's opinion in *Yukon Pocahontas Coal Co. v. Ratliff*, 175 Va. 366, 368, 8 S.E.2d 303, 304 (1940):

In view of the pleadings and upon the record, there is presented to us, at this time, for consideration, the sole question of whether or not the facts alleged in the bill are sufficient to sustain this action. We are here concerned with the *right* to the interpretation, rather than the *interpretation* of the deed. The test of the *right* to an interpretation is the existence of an "actual controversy." The *interpretation* is the solution of the controversy. It follows as the result of the controversy. Whether or not there is a controversy is a question of fact, and may be shown by the pleadings or by the evidence.

The effect of the demurrers was to admit as true all facts well pleaded in the bill. If the admitted facts disclosed an "actual controversy" or an "actual antagonistic assertion or denial of right," then the appellants were entitled to have the court make a binding adjudication of right.

*Id.*, 175 Va. at 368, 8 S.E.2d at 304 (emphasis in original). In the case currently before this Court, the Complainant has pleaded that he wishes to terminate his relationship with the Respondent. See Bill of Complaint at & 22. The Complainant has also pleaded that he wishes to compete within the restricted area in contravention of the Non-Competition and Confidentiality Agreement. *Id*. Finally, the Complainant alleges that Non-Competition and Confidentiality Agreement is overbroad and unenforceable. *Id*. at & 50. By implication, the Respondent has shown an unwillingness to release the Complainant from the restrictions of the Non-Competition and Confidentiality

Agreement by filing this Demurrer. The pleadings suggest that an actual controversy exists and that the Respondent has every intention of enforcing the restrictions if the Complainant begins to compete in contravention of the Non-Competition and Confidentiality Agreement. Further, at oral argument on this Demurrer, the Court asked counsel for the Respondent if they would seek to enforce the restriction and counsel responded in the affirmative. Everything that has come before this Court suggests that an actual controversy exists.

Further, the Complainant has also pleaded that, if he were to breach the Non-Competition and Confidentiality Agreement, he would be required to pay within twelve months a demand note of $200,000.00, which was executed in conjunction with the Non-Competition and Confidentiality Agreement and the Administrative Services Agreement. See Bill of Complaint at & 20; see also Complainant's Exhibit No. 2, "Non-Competition and Confidentiality Agreement" § 5(d); Complainant's Exhibit No. 3, "Demand Note." This Court does not believe that it is necessary for the Complainant to breach the parties' contracts, and place himself at a risk of such a significant liability in order to create standing. The Supreme Court has held that the purpose of the Declaratory Judgment Act "is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefore." *Criterion Ins. Co. v. Grange Mutual*, 210 Va. 446, 448-49, 171 S.E.2d 669, 671 (1970).

## Conclusion

The Court holds that the Complainant does have standing to challenge the restrictions of the Non-Competition and Confidentiality Agreement. As such the Respondent's Demurrer is overruled. The Respondent shall be allowed fourteen days to file an Answer.

## Order

This cause came before the Court upon Respondent Ciraden, Inc.'s Demurrer challenging the Complainant Stuart L. Graves, D.D.S., M.S., P.C.'s standing to bring a Bill of Complaint for declaratory judgment; and it further appearing to the court that the Complainant and the Respondent entered into a Non-Competition and Confidentiality Agreement on September 1, 1997; and it appearing to the court that an actual controversy exist between the Complainant and the Respondent regarding the enforceability of the restrictions in the Non-Competition and Confidentiality Agreement entered into by these parties; and it further appearing to the court that the Complainant

Stuart L. Graves, D.D.S., M.S., P.C., et al. has standing to bring this Declaratory Judgment action; and it further appearing to the court that Respondent Ciraden, Inc.'s Demurrer should be overruled, it is adjudged, ordered, and decreed that Respondent Ciraden, Inc.'s Demurrer is overruled and the Respondent is granted fourteen days to file an answer to this suit.