## CIRCUIT COURT OF ARLINGTON COUNTY

Tim Bono
and Bono Film
and Video, Inc.

v.

Arlington County
Human Rights Commission,
Arlington County Board,
and Arlington County

November 16, 2006

Case No. Civil 06-812

BY JUDGE BENJAMIN N. A. KENDRICK

The Plaintiffs, Bono Film and Video, Inc., and Tim Bono filed a Complaint seeking declaratory judgment, preliminary and permanent injunctive relief, and damages against Defendants, Arlington County Human Rights Commission, Arlington County Board, and Arlington County, Virginia. The Plaintiffs sought to enjoin the Defendants from enforcing Chapter 31 of the Arlington County Code that prohibits discrimination based upon sexual orientation as *ultra vires* in that the County had exceeded the scope of its authority in passing an ordinance to prohibit or investigate claims of sexual orientation discrimination. The Plaintiffs also sought declaratory judgment to determine the legality of County Code § 31-3 under Dillon's Rule as the County Code prohibits discrimination based on sexual orientation without authorizing legislation in the Virginia Code.

This case came before the Court on September 6, 2006, for a hearing on the Plaintiffs' Motion for Preliminary Injunctive Relief and Defendants' Pleas in Bar and Demurrer. Having taken this matter under advisement and given

the opportunity to review the pleadings and the supplemental memoranda provided by counsel, the Court issues the following opinion resolving the outstanding issues.

*Facts*

The following facts are taken from the Plaintiffs' Verified Complaint, Tim Bono's Affidavit in Support of a Preliminary Injunction, and Defendants' Memorandum in Support of their Pleas in Bar and Demurrer filed with the Court. Bono Film and Video, Inc. ("Bono Film"), founded in 1961, is a family-run and owned full service motion picture film and video post production laboratory. Tim Bono is the President of Bono Film and has run the daily operations of the company for almost ten years. Mr. Bono and Bono Film have sincerely held religious beliefs that Bono Film will not accept work that runs counter to their Christian and ethical values. (Compl. at 4.) Bono Film's website affirms this position in their "Core Values" statement and announces that there is potential work they will not accept and that they have refused work in the past that was inconsistent with its "Core Values." (*Id.*)

On May 11, 2005, Ms. Lilli Vincenz sent an e-mail to Bono Film to place an order for four VHS copies of betacams entitled "Second Largest Minority" and "Gay and Proud." (Compl. at 4-5.) Mr. Bono responded that the "material is of questionable content," and Bono Film was not "interested in providing services" to Ms. Vincenz. (Compl. at 5.) Mr. Bono stated that Bono Film would not duplicate the betacams because they involved the "gay agenda." (*Id.*) Ms. Vincenz responded that the films were not sexual in content and requested Bono Film to refer her to another film lab. Mr. Bono suggested that Ms. Vincenz look in the yellow pages. (*Id.*)

On or about May 25, 2005, Ms. Vincenz filed a complaint against Bono Film with the Arlington County Human Rights Commission on the basis that Bono Film had discriminated against her on the basis of her sexual orientation when it refused to copy the videos in violation of Arlington County Code § 31-3. The Complaint to the Arlington County Human Rights Commission did not allege that Ms. Vincenz disclosed her sexual orientation to Mr. Bono, nor did it allege that Mr. Bono had asked Ms. Vincenz about her sexual orientation. (*Id.*) Arlington County Code § 31-3(c)(1) provides "[i]t shall be unlawful for any person or public accommodation to discriminate against any person, on the basis of ... sexual orientation ... with respect to access, use, benefit, or enjoyment of goods, services, facilities, privileges, or any other advantages of any public accommodation. . . ." The Arlington County Human

Rights Commission, after allowing Bono Film to respond to the complaint, informed Ms. Vincenz and Bono Film that the Commission had "reasonable grounds to sustain Ms. Vincenz's allegations of sexual orientation discrimination with respect to a public accommodation." (Pl's Aff. Supp. Prelim. Inj., Ex. 8.)

In late January of 2006, the Commission sent a letter to Ms. Vincenz and Bono Film noticing them of a public hearing on March 9, 2006, to address the issue of "whether Bono Film had discriminated against Ms. Vincenz based upon her sexual orientation and/or perception thereof." (Pl's Aff. Supp. Prelim. Inj., Ex. 10.) On February 23, 2006, the Commission sent another letter to Mr. Bono asking him to contact them to try and resolve the matter before the hearing because the Commission was planning to issue a press release within five days about the subject matter of the hearing which "is circulated to about 5,000 individuals and organization including all television stations, all radio stations, all local newspapers and major newspapers in the Washington Metropolitan area as well as other subscribers." (Pl's Aff. Supp. Prelim. Inj., Ex. 11.)

On April 13, 2006, the Arlington County Human Rights Commission issued their decision that Bono Film had discriminated against Ms. Vincenz based upon sexual orientation and ordered the Plaintiffs to duplicate the film or assist her in locating a suitable facility for duplication. (Pl's Aff. Supp. Prelim. Inj., Ex. 12.)

On June 7, 2006, Bono Film and Tim Bono filed the instant action in the Circuit Court of Arlington County. The Complaint alleges the following counts against the Defendants: (1) Arlington County Code § 31-3 is *ultra vires* under Dillon's Rule insofar as it makes it "unlawful for any person or public accommodation to discriminate against any person, on the basis of … sexual orientation. . . ."; (2) Arlington County Human Rights Commission exceeded its authority, *ultra vires,* when it rendered the decision that Bono Film violated County Code § 31-3; (3) Arlington County Code § 31-3 violates Section 16 of the Virginia Constitution's free exercise of religion rights; (4) Arlington County Code § 31-3 violates Section 12 of the Virginia Constitution's free speech rights; (5) Arlington County Code § 31-3 violates the First Amendment's guarantee of free exercise of religion; and (6) Arlington County Code § 31-3 violates the First Amendment's guarantee of free speech. (Compl. at 9-16.)

On June 8, 2006, the Arlington Human Rights Commission reconsidered its decision of April 13, 2006, and unanimously voted to dismiss the case against Bono Film. The Commission stated that "the Arlington

County Human Rights Ordinance protects individuals from discrimination based on their sexual orientation, and does not prohibit content based discrimination." (Defs.' Mem. Supp. Pleas in Bar and Dem., Ex. A.)

## Discussion

This matter came before the Court for argument on the Plaintiffs' Motion for Preliminary Injunction and Defendants' Pleas in Bar and Demurrer.

### Count I: Arlington County Code § 31-3 is ultra vires under Dillon's Rule

The question presented is whether Arlington County may authorize their Human Rights Commission to investigate complaints of discrimination based upon sexual orientation through their enabling legislation, Va. Code § 15.2-725 (2006), which does not specifically list the categories of discrimination to be covered by Arlington's Human Rights Ordinance. This enabling legislation differs from Va. Code § 15.2-965 which specifically lists prohibited categories of discrimination as "race, color, religion, sex, pregnancy, childbirth or related medical conditions, national origin, age, martial status, or disability." However, we do not reach this question today. Since the Arlington Human Rights Commission reconsidered its decision and dismissed the case against Bono Film, there is no standing to maintain the instant action in Count I.

In order to have standing as a citizen or a taxpayer to challenge the application of certain statutes, the plaintiff must demonstrate that they have a direct interest in the proceedings different from that of the public at large. *Goldman v. Landsidle*, 262 Va. 364, 552 S.E.2d 67 (2001). The purpose of requiring standing is to ensure that a party who asserts a position has the legal right to do so and that his rights will be affected by the disposition of the case. *Goldman*, 202 Va. at 371, 552 S.E.2d at 71; *Cupp v. Board of Supervisors*, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984). To establish standing "[t]he controversy must be one that is justiciable, that is, where specific adverse claims, based upon present rather than future or speculative facts, are ripe for judicial adjustment." *City of Fairfax v. Shanklin*, 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964).

Because the Arlington Human Rights Commission reversed its decision it has, in effect, taken no enforcement action against either Plaintiff, and, therefore, no actual case or controversy exists between the parties. In this case, the mere threat that the Arlington Human Rights Commission might at some

future time pursue investigatory action against some resident or business in Arlington County for content based sexual orientation discrimination is too speculative and is not ripe for judicial action. Furthermore, all the parties agree that the Arlington County Human Rights Ordinance does not allow the County to prohibit content based discrimination.

*Counts II-VI*

The Defendants' Pleas in Bar must be sustained as to Counts II, III, IV, V, and VI. Plaintiffs' claims as these counts are moot since the Arlington Human Rights Commission reversed their initial decision and dismissed their case against Bono Film. In addition, since there is no evidence as to actual damages incurred in this matter, the Court cannot grant relief to the Plaintiffs.

Since the Plea in Bar has been sustained as to all counts, the Court does not reach the issues presented in the Defendants' Demurrer or the Plaintiffs' Motion for a Preliminary Injunction.

*Conclusion*

Plaintiffs do not have standing to maintain further action in this lawsuit, and, therefore, the Defendants' Plea in Bar to all counts must be sustained and the case dismissed. To the extent that the Arlington County Human Rights Commission is threatening enforcement of the Ordinance, without the County Board's approval, then they are enjoined as it is outside the scope of Va. Code § 15.2-725 (2006).

We do not reach the issue of whether the Arlington County Human Rights Commission has acted *ultra vires* and exceed the scope of their authority under Dillon's Rule when investigating alleged incidents of sexual orientation discrimination.