COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Friedman, Callins and White
Argued by videoconference


DERRICK A. EDWARDS

                                        MEMORANDUM OPINION* BY
v.        Record No. 0937-22-3         JUDGE KIMBERLEY SLAYTON WHITE
                                              APRIL 11, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Charles N. Dorsey, Judge

Derrick A. Edwards, *pro se*.

No brief or argument for appellee.


Derrick A. Edwards, *pro se*, appeals the circuit court's order granting the Commonwealth's

plea in bar and motion to dismiss, and dismissing Edwards' motion for declaratory judgment with

prejudice. On appeal, Edwards argues that the circuit court erred in dismissing his motion on the

ground that it did not present a case of "actual controversy."[1] For the following reasons, the

circuit court's judgment is reversed and remanded for further proceedings consistent with this

opinion.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Edwards states that he did not preserve his assignment of error for appeal but asks this
Court to invoke the "good cause" exception in Rule 5A:18. Our review of the record, however,
confirms that he did preserve the error he now seeks to challenge.

*Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Edwards, an inmate,[2] was charged under Virginia Department of Corrections (VDOC) Operating Procedure ("OP") 861.1 for violating disciplinary offense code 213, "failing to follow institutional count procedures or interfering with count." Edwards then refused to appear at his disciplinary hearing on August 5, 2020. Under OP 861.1, refusal to appear "shall be considered an admission of guilt," and accordingly Edwards was found guilty and received a $5 penalty.[3]

On March 2, 2021, Edwards filed a motion for declaratory judgment in the Circuit Court of Roanoke County requesting, inter alia, that Code § 53.1-25 and OP 861.1 be declared facially unconstitutional and void ab initio in violation of "Virginia Constitution Article 3, Section I—'Separation of Power Clause.'"[4] On March 25, 2021, the Commonwealth filed a plea in bar arguing that declaratory judgment was barred by sovereign immunity and Edwards' failure to present an "actual controversy" pursuant to Code § 8.01-184. Edwards filed his "Response and Objection" to the Commonwealth's plea in bar on April 12, 2021, arguing, in part, that our Supreme Court, in *Daniels v. Mobley*, 285 Va. 402, 407 (2013), held that challenges to the constitutionality of a statute present an "actual controversy."

The circuit court, pursuant to Code § 8.01-695, granted the Commonwealth's plea in bar and motion to dismiss with prejudice based on the record without a hearing on February 16,

---

[2] At the time Edwards was confined at River North Correctional Facility, operated by VDOC. He is currently confined at Red Onion State Prison, also operated by VDOC.

[3] Code § 53.1-25 provides that the director of a correction facility "may prescribe rules for the preservation of state property and the health of prisoners in state correctional facilities and for the government thereof." OP 861.1 provides for the Offender Disciplinary Procedure, https://vadoc.virginia.gov/files/operating-procedures/800/vadoc-op-861-1.pdf.

[4] Although Edwards' motion requested additional relief from the trial court, he waives these arguments on appeal by failing to raise them in his opening brief. *See* Rule 5A:20.

2022. The circuit court determined Edwards failed to present an "actual controversy" within the scope of Code § 8.01-184 rendering his request not justiciable. In addition, the circuit court noted that to the extent that Edwards was attempting to challenge the penalty imposed for the infraction, other adequate legal remedies existed rendering declaratory relief inappropriate. The circuit court did not, however, address Edwards' argument under *Daniels*. Edwards then timely filed this appeal.

ANALYSIS

Edwards argues that he presented the circuit court with an "actual controversy" and that his declaratory judgment action is an appropriate means by which to pursue his constitutional challenges to Code § 53.1-25 and OP 861.1. We agree. As such, we reverse the judgment of the circuit court and remand for further proceedings only on the merits of Edwards' separation of powers constitutional challenge to Code § 53.1-25 and OP 861.1.[5]

Our declaratory judgment statute, Code § 8.01-184, states:

> In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving interpretation of deeds, wills, and other instruments of writing, statutes, municipal ordinances and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

"Therefore, a circuit court cannot acquire jurisdiction over a declaratory judgment action unless the proceeding involves an actual adjudication of rights." *Daniels*, 285 Va. at 408. *See also*

---

[5] "Rule 5A:20(e) requires that an appellant's opening brief contain 'the principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)). "When a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e) is significant,' this Court may treat the question as waived." *Id.* (quoting *Parks v. Parks*, 52 Va. App. 663, 664 (2008)).

*Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Bd. of Supervisors* ("*Charlottesville Fitness*"), 285 Va. 87, 98 (2013). Declaratory judgment must involve "specific adverse claims, based upon present rather than future or speculative facts." *Daniels*, 285 Va. at 408 (quoting *City of Fairfax v. Shanklin*, 205 Va. 227, 229 (1964)). For an actual, justiciable controversy to exist, a circuit court must be able to render specific relief affecting plaintiff's rights. *Id.* Therefore, when "the 'actual objective in the declaratory judgment proceeding is a determination of a disputed issue rather than an adjudication of the parties' rights,' the case is not one for declaratory judgment." *Id.* (quoting *Charlottesville Fitness*, 285 Va. at 99). "A challenge to the constitutionality of a statute based upon United States law or self-executing provisions of the Virginia Constitution . . . presents a justiciable controversy." *Id.* at 412. *See also DiGiacinto v. Rector & Visitors of George Mason Univ.*, 281 Va. 127, 137 (2011).

Edwards' separation of powers constitutional challenge of Code § 53.1-25 and OP 861.1 presents an actual controversy for the circuit court to decide. *See Daniels*, 285 Va. at 407; *see also DiGiacinto*, 281 Va. at 137. Although the circuit court may have deemed the merits of Edwards' claim baseless, it was still error for the circuit court to dismiss his motion with prejudice based upon the reasoning that he did not present an "actual controversy." Therefore, as to Edwards' separation of powers constitutional challenge alone, we reverse and remand to the circuit court for further proceedings in accordance with this opinion.

## CONCLUSION

The circuit court erred by holding that Edwards' complaint did not present a case of "actual controversy" under Code § 8.01-184. Accordingly, we reverse the circuit court's judgment and remand this case for further proceedings in accordance with this opinion.

*Reversed and remanded.*

- 4 -